UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**RECEIVED**

JUL 18 2013

THOMAS G. BRUTON
CLERK, U S. DISTRICT COURT

Hasan Hutchinson _____ )
_____ )
_____ )
_____ )
_____ )
(Name of the plaintiff or plaintiffs) )
)
v. )
)
Chrysler LLC _____ )
)
Tim Hinton _____ )
)
_____ )
(Name of the defendant or defendants) )

CIVIL ACTION

NO. 13 c 50233

Reinhard/Mahoney

## COMPLAINT OF EMPLOYMENT DISCRIMINATION

1. This is an action for employment discrimination.

2. The plaintiff is __Hasan Hutchinson_____ of the county of __Winnabego_____ in the state of __Illinois_____.

3. The defendant is __Chrysler LLC / Tim Hinton_____, whose street address is __3000 West ~~St~~ Chrysler Dr._____ (city) __Belvidere__ (county) __Boone__ (state) __Mo. Ill__ (ZIP) __61107__ (Defendant's telephone number) __(634-448.6468_____

4. The plaintiff sought employment or was employed by the defendant at (street address) __1001 North Highway Dr__ (city) __Fenton_____ (county)_____ (state) __Mo.__ (ZIP code) __61107__

5. The plaintiff [*check one box*]

    (a) ☐    was denied employment by the defendant.

    (b) ☐    was hired and is still employed by the defendant.

    (c) ☑    was employed but is no longer employed by the defendant (Fired, then rehired)

6. The defendant discriminated against the plaintiff on or about, or beginning on or about, (month) Oct , (day) 13 , (year) 20 11 .

7.1   *(Choose paragraph 7.1 or 7.2, do not complete both.)*

    (a) The defendant is not a federal governmental agency, and the plaintiff [*check one box*] ☐ *has not*   filed a charge or charges against the defendant ☑ *has* asserting the acts of discrimination indicated in this complaint with any of the following government agencies:

    (i)    ☑ the United States Equal Employment Opportunity Commission, on or about (month) Nov (day) 11 (year) 2011 .

    (ii)    ☑ the Illinois Department of Human Rights, on or about (month) Nov (day) 11 (year) 2011 .

  (b) If charges *were* filed with an agency indicated above, a copy of the charge is attached. ☐ YES. ☑ NO, **but plaintiff will file a copy of the charge within 14 days.**

It is the policy of both the Equal Employment Opportunity Commission and the Illinois Department of Human Rights to cross-file with the other agency all charges received. The plaintiff has no reason to believe that this policy was not followed in this case.

7.2    The defendant is a federal governmental agency, and

    (a) the plaintiff previously filed a Complaint of Employment Discrimination with the defendant asserting the acts of discrimination indicated in this court complaint.

☐    Yes (month)_____ (day)_____ (year) _____

☐    No, did not file Complaint of Employment Discrimination

(b)    The plaintiff received a Final Agency Decision on (month) **April**
(day) **19** (year) **2013** .

(c)    Attached is a copy of the

(i) Complaint of Employment Discrimination,

☑ YES    ☐ NO, but a copy will be filed within 14 days.

(ii) Final Agency Decision

~~☐ YES~~    ☑ NO, but a copy will be filed within 14 days.

8.    *(Complete paragraph 8 only if defendant is not a federal governmental agency.)*

(a) ☐    the United States Equal Employment Opportunity Commission has not issued

a *Notice of Right to Sue*.

(b) ☑    the United States Equal Employment Opportunity Commission has issued a

*Notice of Right to Sue*, which was received by the plaintiff on

(month) **April** (day) **19** (year) **2013** a copy of which

*Notice* is attached to this complaint.

9.    The defendant discriminated against the plaintiff because of the plaintiff's [*check only those that apply*]:

(a) ☐    Age (Age Discrimination Employment Act).

(b) ☐    Color (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

3

(c) ☐ Disability (Americans with Disabilities Act or Rehabilitation Act)

(d) ☐ National Origin (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(e) ☐ Race (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(f) ☐ Religion (Title VII of the Civil Rights Act of 1964)

(g) ☑ Sex (Title VII of the Civil Rights Act of 1964)

10. If the defendant is a state, county, municipal (city, town or village) or other local governmental agency, plaintiff further alleges discrimination on the basis of race, color, or national origin (42 U.S.C. § 1983).

11. Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C.§1331, 28 U.S.C.§1343(a)(3), and 42 U.S.C.§2000e-5(f)(3); for 42 U.S.C.§1981 and §1983 by 42 U.S.C.§1988; for the A.D.E.A. by 42 U.S.C.§12117; for the Rehabilitation Act, 29 U.S.C. § 791.

12. The defendant [*check only those that apply*]

(a) ☐ failed to hire the plaintiff.

(b) ☑ terminated the plaintiff's employment.

(c) ☐ failed to promote the plaintiff.

(d) ☐ failed to reasonably accommodate the plaintiff's religion.

(e) ☐ failed to reasonably accommodate the plaintiff's disabilities.

(f) ☑ failed to stop harassment;

(g) ☑ retaliated against the plaintiff because the plaintiff did something to assert rights protected by the laws identified in paragraphs 9 and 10 above;

(h) ☐ other (specify):_____

_____

4

_____

_____

_____

_____

13.   The facts supporting the plaintiff's claim of discrimination are as follows:

On or about Oct 13, 2011 I met with Tim Hinton, one of respondents Manpowers Managers in regards to overtime hours. I was in a pool of 40 employees and rank 2nd highest but repeatly passed on hours, in complete violation of company policies. He responded by telling me you have to give something to get something while starring at my crotch and licking his lips. After reporting this incident I was terminated. This was retaliation.

14.   **[AGE DISCRIMINATION ONLY]**  Defendant knowingly, intentionally, and willfully discriminated against the plaintiff.

15.   The plaintiff demands that the case be tried by a jury.  ☑ YES    ☐ NO

16.   THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff [**check only those that apply**]

(a) ☐   Direct the defendant to hire the plaintiff.

(b) ☐   Direct the defendant to re-employ the plaintiff.

(c) ☐   Direct the defendant to promote the plaintiff.

(d) ☐   Direct the defendant to reasonably accommodate the plaintiff's religion.

(e) ☐   Direct the defendant to reasonably accommodate the plaintiff's disabilities.

(f) ☑   Direct the defendant to (specify): repay lost wages for the year of termination and pay damage stemming from termination.

5

_____

_____

_____

_____

(g) ☑   If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

(h) ☑   Grant such other relief as the Court may find appropriate.

(Plaintiff's signature)

_Hasan Hutchinson_

(Plaintiff's name)

Hasan Hutchinson

(Plaintiff's street address)

_____

985 mc Knight

(City) Rockford    (State) Ill    (ZIP) 61107

(Plaintiff's telephone number) (636) – 448 6468

Date: July 18. 2013

6



**State of Illinois**
Department of Human Rights

**EMPLOYMENT COMPLAINANT INFORMATION SHEET**

PLEASE PRINT LEGIBLY

Today's Date: **Nov. 8th 2011**

## 1. PERSONAL INFORMATION:

NAME: **Hasan Aziz Hutchinson**
ADDRESS: **985 McKnight Cir**   APT #: **2**

CITY: **Rockford**
STATE: **Ill**   ZIP: **61107**   PHONE #: **636-448-6468**

E-MAIL: **hasan36 @ att.net**
ALT. PHONE #: **302 220 0228**   ALT. PHONE#:

## 2. PERSONAL DATA: Please provide the following information for statistical purposes only:

DATE OF BIRTH: **Aug. 6th 1972**   SEX: **MALE!**

CHECK THE CATEGORY IN THE LIST BELOW OF NATIONAL ORIGIN OR ANCESTRY WITH WHICH YOU MOST STRONGLY IDENTIFY:

| | | | |
|---|---|---|---|
| Greece = B ☐ | Haiti = T ☐ | India = N ☐ | Ireland = I ☐ |
| Italy = Y ☐ | Japan = J ☐ | Korea = A ☐ | Liberia = R ☐ |
| Mexico = M ☐ | Middle East = L ☐ | Pakistan = K ☐ | Philippines = S ☐ |
| Poland = O ☐ | Puerto Rico = P ☐ | U.S.A. = U ☑ | Vietnam = V ☐ |
| Other African/ Non Arab = F ☐ | Other East Asia = W | Other Eastern Europe = E | Other Hispanic = H ☐ |
| Other = Z ☐ | Specify: | | |

## 3. ALTERNATE CONTACT INFORMATION: Provide the names of two persons who can contact you in the event this office is unable to locate you. Make sure their mailing addresses are different from your mailing address. Your charge could be dismissed if you do not provide this information and we are unable to locate you.

NAME: **Dawn Williams**
ADDRESS: **985 McKnight Cir**   APT #: **2**

CITY: **Rockford**
STATE: **Ill**   ZIP: **61107**   PHONE #: **302-220-0228**

NAME: **Johjuana Grayson**
ADDRESS: **1050 Minns Dr.**   APT #: **6**

CITY: **Machesney Park**
STATE: **Mo**   ZIP: **61115**   PHONE #: **302-312-4897**

## 4. RESPONDENT INFORMATION: Write out the full legal name of the Employer, Union, Employment Agency, Temporary Agency (i.e. the Respondent), that you believe discriminated against you in Illinois.

NAME: **Chrysler Fiat Corp**
ADDRESS: **3000 West Chrysler Dr.**

CITY: **Belvidere**
STATE: **Il**   ZIP: **61008**   COUNTY: **Boone County**   PHONE #: ~~333~~ **815-547-2192**

DOES THE RESPONDENT HAVE A TOTAL OF 15 OR MORE PEOPLE WORKING IN THE STATE OF ILLINOIS?   YES ☑   NO ☐

DOES THE RESPONDENT HAVE A TOTAL OF 15 OR MORE PEOPLE WORKING IN THE UNITED STATES?   YES ☑   NO ☐

## 5. IF YOU HAVE BEEN EMPLOYED BY THE RESPONDENT, PLEASE FILL IN THE FOLLOWING:

JOB TITLE: **Absentee pool, assembly, inspection, etc.**
DATE HIRED: **Nov 3. 1994**

DEPARTMENT: **Trim**
SUPERVISOR: **Ivan Dismuke**
WERE YOU ON PROBATION?   YES ☐   NO ☑

PRESENT OR LAST SALARY: **$28.00**
SELECT ONE:   HOURLY ☑   BI-MONTHLY ☐   WEEKLY ☐   MONTHLY ☐   ANNUALLY ☐

| OFFICE USE ONLY | CONTROL NUMBER: **12WIII0.09** | INVESTIGATOR INITIALS: |
|---|---|---|

Dept of Human Rights
INTAKE UNIT
NOV 10 2011   10:50
RECEIVED

By: _____

Illinois Department of Human Rights

**EMPLOYMENT COMPLAINANT INFORMATION SHEET**

## 6. DESCRIPTION OF THE EMPLOYMENT HARM AND BASES THE IDHR IS BEING REQUESTED TO INVESTIGATE:

**A.** FIRST ISSUE OF HARM OR EMPLOYMENT ACTION TAKEN AGAINST YOU BY RESPONDENT:

I was first ask, in order to get overtime, I have to give homo sexual favors.

**BASIS:** Note: See Page 3 for the Bases IDHR can investigate.
when overtime is based on time and seniority

**DATE OF ACTION:** Oct. 13 2011

REASON GIVEN BY RESPONDENT FOR THE ACTION TAKEN AGAINST YOU:

NAME OF THE PERSON WHO GAVE YOU THIS INFORMATION: Tim Hinton/Hinbt
**JOB TITLE:** Man Power - Supervisor

NAME AN EMPLOYEE WHO WAS TREATED MORE FAVORABLY THAN YOU IN A SIMILAR OR COMPARABLE SITUATION:

**B.** SECOND ISSUE OF HARM OR EMPLOYMENT ACTION TAKEN AGAINST YOU BY RESPONDENT (if applicable):

I was approached, at my work station, by Tim who walked up on me, bumping me chest to chest, then rubbed on on my penis by the back of his hand and was told "You know whats up"

**BASIS:** Note: See Page 3 for the Bases IDHR can investigate.
**DATE OF ACTION:** Oct 31, 2011

REASON GIVEN BY RESPONDENT FOR THE ACTION TAKEN AGAINST YOU: I was suspended for pushing Tim off of me in response to his homosexual desires after he intentionally rubbed up against my penis,

NAME OF THE PERSON WHO GAVE YOU THIS INFORMATION: M. Lovether/Labor
**JOB TITLE:** Labor Relations

NAME AN EMPLOYEE WHO WAS TREATED MORE FAVORABLY THAN YOU IN A SIMILAR OR COMPARABLE SITUATION: Tim Henton/Hinton

## 7. WITNESS INFORMATION:

| NAME: Unknown | PHONE: | NAME: | PHONE: |
|---|---|---|---|
| ADDRESS: but there was a witnesses who | | ADDRESS: | |
| CITY/STATE/ZIP gave statements on my behalf | | CITY/STATE/ZIP | |

## 8. SPECIAL BASES:

**A.** If you claimed **SEXUAL HARASSMENT** as a basis:

NAME OF THE HARASSER: Tim Hinton
JOB TITLE OF THE HARASSER: Man-Power Supervisor

DO YOU WANT THE SEXUAL HARASSER CHARGED SEPARATELY AS AN ADDITIONAL RESPONDENT?   YES ☑   NO ☐
IF YES, GIVE THE PHONE NUMBER OF THAT PERSON: Tim Hinton

IF YES, GIVE THE ADDRESS OF THAT PERSON: 3000 West Chrysler Dr.
CITY: Belvidere
STATE: Ill
ZIP: 61008

**B.** If you claimed **PHYSICAL OR MENTAL DISABILITY** as a basis:

STATE YOUR MEDICALLY DIAGNOSED DISABILITY(-IES):

EXPLAIN HOW THE RESPONDENT BECAME AWARE OF EACH DISABILITY:

**C.** If you claimed **RETALIATION** as a basis:

STATE HOW YOU OPPOSED UNLAWFUL DISCRIMINATION: (i.e., testified at a discrimination hearing, filed a prior discrimination claim, or complained about unlawful discrimination). Include dates, charge numbers, and/or the name or title of the person to whom you complained

## 9. HAVE YOU FILED A PREVIOUS CHARGE AGAINST THIS EMPLOYER WITH IDHR?

YES ☐
NO ☑   CHARGE NUMBER:

CIS-E Rev 5/23/11

2

I began my employment with Respondent on or around November 3, 1994 as a Production Worker, assembling automobiles. I held this position for approximately seventeen years until the time of my termination. On or around November 12, 2011, Respondent terminated my employment. Throughout the entire duration of my employment with Respondent, I consistently met the company's legitimate performance expectations.

I believe that Respondent terminated me as a result of my complaints of sexual harassment.

On or around October 13, 2011, I met with Tim Hinton, one of Respondent's Manpower Managers, to inquire and formally complain about Respondent bypassing me for overtime and preferred jobs. At this meeting, I explained to Mr. Hinton that despite that I was ranked second highest in terms of seniority out of a pool of thirty-five to forty-five employees eligible for preferred jobs and overtime, Respondent continuously denied me the opportunity to earn overtime and obtain preferred jobs in violation of the company's policies with regard to seniority. Mr. Hinton responded to my complaint by telling me: "You have to give something to get something." Mr. Hinton then licked his lips while staring at my crotch. Shocked by the overt, aggressive sexual nature of this conduct, I responded by telling Mr. Hinton that his behavior was inappropriate and that I was offended by it. A number of my co-workers, including Laura Cade, Patty Maury, Tisiapora Mower, and Keith Hooper, witnessed this incident.

Immediately after Mr. Hinton made this sexual proposition, pursuant to company policies and procedures, I reported the incident to my union representative on the assembly floor that day, Tony Cavalarra. Jason Vassor, one of my co-workers, was present during this conversation with Mr. Cavalarra. I formally complained to Mr. Cavalarra about Mr. Hinton's unwelcome sexual comment and conduct. Mr. Cavalarra received my complaints and told me that he would talk to Mr. Hinton about his conduct, including the sexual proposition.

After I levied these complaints to Mr. Cavalarra, several weeks passed in which I did not have any interactions with Mr. Hinton. However, I noticed that nothing had changed with regard to the preferred jobs and overtime situations. Consequently, on or around the morning of October 31, 2011, I approached my full-time union representative, Dave Garza, and once again complained about Mr. Hinton's sexual comment and conduct and his decision to continuously bypass me for preferred jobs and overtime despite my seniority. Mr. Garza told me that he would follow up with Mr. Hinton to address the situation.

Later that evening, only several hours after Mr. Garza said that he would talk to Mr. Hinton, Mr. Hinton came to my work station on the assembly floor and, in a hostile and threatening manner, accused me of returning from my scheduled break late despite that I was on time. When Mr. Hinton made this accusation, he stood directly next to me, placed his arm into my body, and then brushed the back of his hand against my crotch. Numerous employees, including but not limited to Laura Cade, Patty Maury, Tisiapora Mower, who were on my shift that evening, witnessed this incident. Highly offended by this sexual and threatening physical contact and acting out of personal defense, I responded spontaneously by quickly, but non-violently, rebuffing Mr. Hinton away from my immediate physical space and telling Mr. Hinton that he was jeopardizing my livelihood.

Immediately thereafter, Mr. Hinton called the company's Labor Relations personnel and falsely reported that I had exhibited "threatening behavior toward a supervisor." I was then instructed to go to the company's union offices. There, I met with Dave Garza, my union representative, Max Laventhall, Labor Relations Manager and Stacy Cheeks, Second Shift Shop Steward, for a supposed investigatory interview into the incidents in question. At this meeting, despite that I attempted to offer my version of the events, Mr. Laventhall told me that he "did not want to know what Tim [Hinton] did," but instead, cared solely about my conduct and behavior. As a result of this "investigatory" interview, despite that I did not have an opportunity to recount my side of the story, Respondent immediately placed me on indefinite suspension pending further investigation. Mr. Hinton was not similarly suspended or disciplined.

On or around November 10, 2010, I filed Charges for sexual harassment and retaliation against Respondent and Tim Hinton, individually, at the Illinois Department of Human Rights ("IDHR"). Only two or three days after I filed these IDHR charges, on or around November 12, 2011, Respondent terminated my employment.

Based on the foregoing facts, I believe that I have been subjected to sexual harassment and retaliation in violation of Title VII of the Civil Rights Act.